UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEJUAN HAYWOOD HAGGINS, | Civil No. 10-1002 (DWF/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MN COMMISSIONER OF CORRECTIONS, JOHN KING, MICHELLE SMITH, GREG LINDELL, JESSICA SYMMES, MARY MCCOMBS, PETER PUFFER, TERRY JORGESON, KENT GRANDLIENARD, & TOM SHOLES, | |
| Defendants. | |

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Motion of Defendants to Dismiss. The Plaintiff Dejuan Haggins ("Haggins") appears pro se and the Defendants appear by Jackson Evans, Assistant Minnesota Attorney General. For the reasons set forth below, the Court recommends that Defendant's Motion to Dismiss be DENIED.

I. **BACKGROUND**

Plaintiff was initially incarcerated in MCF-St. Cloud in December 2008. (Amended Compl. [Docket No. 15], p. 2). Subsequently, Plaintiff was transferred to MCF-Stillwater. (Id.) While at MCF-Stillwater, Plaintiff was placed in administrative segregation. (Id.)

In his complaint, Plaintiff makes a number of complaints regarding his treatment during his time at MCF-Stillwater. Plaintiff alleges that he is mentally ill and suffers from paranoid schizophrenia and schizoaffective disorder. (Id.) Plaintiff asserts that while at MCF-Stillwater,

1

he was treated by a woman named Paige Berg, an intern, who informed him that he would not be able to be transferred to the Mental Health Unit because there was no space. (Id. at 2, 4) As his mental health deteriorated, Ms. Berg continued to deny Plaintiff's placement in the Mental Health Unit. (Id. at 2)

Thereafter, Plaintiff returned to the general population. (Id.) A short time later, Plaintiff was placed in punitive segregation for assaulting a guard. (Id.) Plaintiff was prescribed anti-psychotic medicine, which he refused to take. (Id.) Plaintiff asserts that every time he displayed mentally unstable behavior, he was given more disciplinary segregation time as punishment where he remained on 23 hour a day lock down. (Id.) Plaintiff contends that the disciplinary segregation made his mental health problems worse. (Id.)

Eventually, as a result of an Anoka County court order, three psychologists evaluated Plaintiff. (Id. at 3) According to Plaintiff, all three agreed he needed immediate psychiatric treatment, wasn't competent to consent to taking medication, and that his mental health problems were the cause of the outbursts that placed him in punitive segregation in the first place. (Id.) Anoka County moved to civilly commit Plaintiff as mentally ill and order him to be transferred to the Oak Park Heights Mental Health Unit. (Id.) Prison officials knew about the commitment proceedings and about the diagnoses of the three psychologists, but refused to take any action. (Id.) Ultimately, an Anoka County Judge did not civilly commit Plaintiff on the basis of Plaintiff's attorney's arguments that Plaintiff "would only be committed on paper" and would still remain in disciplinary segregation without proper medical treatment at the prison. (Id.) Thus, Plaintiff remained in the Administrative Control Unit on punitive status. (Id.)

Plaintiff requests injunctive relief. (Id.) Specifically, Plaintiff asks the Court to take him off disciplinary segregation for the remainder of his sentence and place him in administrative

segregation, the general population, or the Department of Corrections Mental Health Unit. (Id., p. 7) In addition, in his Statement of Claim, Plaintiff asserts a number of alleged civil rights violations by the Defendants. (Statement of Claim [Docket No. 3]). First, Plaintiff alleges 8th Amendment violations for cruel and unusual punishment because he was given punitive segregation as punishment for his severe mental illness and because he was given inadequate mental health treatment. (Id.) Second, Plaintiff asserts that his due process rights were violated because Defendants forced him to participate in disciplinary proceedings while he was suffering from severe mental illness without the benefit of counsel even though he was declared incompetent. (Id.)

Plaintiff asserts that the Defendants ignore prisoner mental illness and prosecute inmates for behavior caused by mental illness. (Id., p. 4) According to Plaintiff, Defendants falsified his appearances at disciplinary hearings by claiming he showed up a hearing even though Plaintiff, due to mental health problems, was not aware what was going on. (Id.) Defendants eventually transferred Plaintiff to MCF-Oak Park Heights, but did not transfer him to the mental health unit. (Id.) Instead, Plaintiff was placed in the Administrative Control Unit on disciplinary status where he spends 23 hours a day on lock down. (Id.)

In response to Plaintiff's complaint, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief can be granted. The Court considers the Defendants' motion below.

## II. STANDARD OF REVIEW

On a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismisses a claim if there has been a failure to state a claim upon which relief may be granted. Courts liberally construe a pro se plaintiff's complaint on a 12(b)(6) motion to dismiss. Erickson v.

Pardus, 551 U.S. 89, 94 (2007). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. Further, courts take all well-pleaded allegations as true and make all reasonable inferences in the light most favorable to the nonmoving party. St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999). As such, a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff cannot prove any set of facts entitling him to relief on his claim. Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001).

However, a plaintiff cannot rely on mere general and conclusory allegations to survive the motion to dismiss. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In addition, the complaint must contain a claim that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

## III. DISCUSSION

In the present case, Defendants argue that Plaintiff's claims must be dismissed for a failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Plaintiff challenges the fact or duration of his physical imprisonment which means his relief can only be granted through a writ of habeas corpus, not a civil action under § 1983 which Plaintiff relies on here. (Def.'s Mem. in Supp. of Mot. to Dismiss [Docket No. 24], p. 3-4) (citing Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973)).

The Supreme Court has held that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). An action that "call[s] into question the lawfulness of [a] conviction or confinement" is not cognizable under § 1983. Heck v. Humphrey, 512 U.S. 477, 483 (1994). As

4

such, courts must consider whether a judgment in favor of the plaintiff would imply that his underlying conviction or sentence is invalid. Id. at 487. "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Where dismissal is appropriate, the appropriate recourse for a plaintiff is to file a petition for a writ of habeas corpus once he has exhausted state remedies. Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rule from Heck to prison disciplinary sanctions that affect the fact or duration of confinement. There, the Court made clear that Heck's "favorable termination rule" applies to challenges made under § 1983 to both the procedures used in disciplinary proceedings and to the results of such proceedings that deprive prisoners of good time credits. Id. at 648. In making its decision, the Court reasoned that if the prisoner succeeded, then the length of his sentence would be affected making a habeas corpus petition the proper forum for the prisoner's grievances. Id.

However, difficulty in determining the exact scope of the "favorable termination rule" laid out in Heck and Preiser remains.

The Supreme Court has also stated that a § 1983 action will lie when a state prisoner challenges the "fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (quotations and citation omitted). The basis of the rule "is to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81. Thus, Wilkinson clarifies that "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the

5

target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

Wilkinson does not answer, however, whether a confinement made pursuant to a prison disciplinary proceeding, such as being placed in punitive segregation, could properly be contested under § 1983 where the prisoner simply challenges being placed in a stricter level of confinement rather than losing good time credits. Circuit courts have attempted to fill in the gaps regarding the scope of § 1983 challenges to prisoner disciplinary proceedings. In Jenkins v. Haubert, the Second Circuit concluded that Heck does not preclude a § 1983 claim directed at sanctions that did not affect the length of a prisoner's confinement. 179 F.3d 19, 21 (3rd Cir. 1999). In that case, the prisoner challenged his sanction of thirty days in keeplock that he received as punishment for a prison violation. Id. at 20-21. Specifically, the prisoner alleged that prison officials violated his due process rights during the proceeding. Id. Ultimately, the Court decided that the prisoner's "suit is properly characterized as a challenge to the conditions of his confinement, rather than as a challenge to the fact or duration of his confinement" rendering Heck inapplicable. Id. at 27; see aslo Muhammad v. Close, 540 U.S. 749, 754 (2004) (finding Heck does not apply to § 1983 actions challenging "prison disciplinary proceedings in the absence of any implication going to the fact or duration of [the] underlying sentence")(emphasis added)).

Other courts followed the reasoning in Jenkins. See, Torres v. Fauver, 292 F.3d 141, 150 (3rd Cir. 2002) (determining that prison sanctions of disciplinary detention and administrative segregation do not alter the length of incarceration or imply the invalidity of the fact or duration of a prisoner's confinement); Smith v. Villapando, 286 Fed.Appx. 682, 686 (11th Cir. 2008)

6

(finding §1983 challenge to disorderly conduct disciplinary charge, which did not involve a loss of gain time, was not Heck barred); Peralta v. Vasquez, 467 F.3d 98, 103 (2nd Cir. 2006) (finding § 1983 to be proper vehicle for suit in case where prisoners alleged due process violations during their disciplinary proceedings, but only contested their placement in disciplinary segregation, because it contested the conditions rather than the fact or duration of confinement).

Here, Plaintiff makes a due process claim and an Eighth Amendment claim. After reviewing Plaintiff's complaint and Defendant's motion to dismiss, the Court finds that Heck does not bar Plaintiff's claims. Defendants argue that success on Plaintiff's claim would question the validity of the disciplinary decision.[1] However, Heck does not apply "categorically to all suits challenging prison disciplinary proceedings." Muhammad v. Close, 540 U.S. 749, 754 (2004). As the Supreme Court stated, "[t]he assumption is that the incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules." Id. at 751 n. 1. Here, neither of Plaintiff's claims would challenge the original judgment or the length of his original sentence, but instead only contest the validity of the disciplinary proceedings (ie., the conditions of his confinement) as allowed under Jenkins and its progeny. Based upon the parties' submissions, Plaintiff did not lose any good-time credits, and thus, the length of his imprisonment was not affected by the disciplinary decision. Furthermore, Plaintiff merely seeks an injunction removing him from punitive segregation which in no way affects the duration of his original judgment of confinement meaning "[t]here is no need to preserve the habeas exhaustion rule and

---

[1] In addition, the Defendants cited a number of cases supporting their argument that Plaintiff's claim challenges the fact or duration of confinement making it Heck barred. However, the Court finds these cases to be inapposite because each case dealt with situations where the prisoner challenged the loss of good time credits, which Plaintiff does not allege here. See, Portley-El v. Brill, 288 F.3d 1063 (8th Cir. 2002); Stone v. Norris, 2000 WL 1129578 (8th Cir. 2000); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

7

no impediment under Heck." Muhammad, 540 U.S. at 751-52. Instead, like the prisoner in Jenkins, Plaintiff only challenges the conditions of his confinement. Based on the above reasoning, the Court finds that Plaintiff properly brought his claims under § 1983 rather than a habeas petition. As such, it recommends denying Defendants' Motion to Dismiss.

## VI. CONCLUSION

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 23) be DENIED;

Dated: February 2, 2011

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 16, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.